IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| BRENDA G. JEFFERY | § | |
| v. | § | CIVIL ACTION NO. 2:13-CV-263 |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION | § | |
| | § | |

MEMORANDUM OPINION AND ORDER
ON MOTION FOR ATTORNEY'S FEES
PURSUANT TO 42 U.S.C. § 406(b)

On April 5, 2013, Plaintiff initiated this lawsuit by filing a complaint seeking judicial review of the Commissioner's decision denying his application for Social Security benefits.

*Background*

On November 15, 2013, this Court issued a Report and Recommendation stating that this Social Security action should be reversed and remanded. A Final Judgment was issued on December 2, 2013, thereby reversing and remanding the final decision of the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) of the Social Security Act. Plaintiff then applied for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 1412. On April 24, 2015, the Court granted the motion and awarded Plaintiff the sum of $ 3,033.24 pursuant to the EAJA. The Commissioner subsequently issued a favorable decision to Plaintiff on May 12, 2015 which was revised on June 23, 2015.

1

On July 7, 2015, Movant, Plaintiff's representing attorney during the litigation before this Court, filed an Amended Motion for Award of Attorney Fees Pursuant to 42 U.S.C. 406(b)(docket entry # 21). The Commissioner responded and stated that Commissioner does not oppose the Movant from receiving a reasonable fee for his representation. *See* Commissioner's Response, p.1 (docket entry #22). Based on the Commissioner's award of past-due benefits, Movant seeks an attorney fee award of $12, 937.50 pursuant to 42 U.S.C. § 406(b)(1).

### *Discussion*

The Act provides that, when a court renders a judgment favorable to a claimant who was represented by an attorney in a Social Security disability matter, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total for past-due benefits to which the claimant is entitled. 42 U.S.C. § 406(b)(1). The District Court can only award fees for work performed before the Court, and not for any work performed at the administrative level. *Mudd v. Barnhart*, 418 F.3d 424, 427 (4th Cir.2005); *Brown v. Sullivan*, 917 F.2d 189, 191 (5th Cir.1990), *abrogated on other grounds*, *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002).

The ultimate issue is whether the award is reasonable. *See Gisbrecht*, 535 U.S. at 793; *Jeter v. Astrue*, 622 F.3d 371, 374 (5th Cir. 2010). This decision lies within the discretion of the court. *Gisbrecht*, 535 U.S. at 793; *Jeter*, 622 F.3d at 376. In making such determinations, the Supreme Court has concluded that "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht*, 535 U.S. at 807.

Courts, however, should consider certain factors in determining the reasonableness of a §406(b) fee, including but not limited to: (1) quality of the representation; (2) whether counsel was responsible for delay in the litigation while benefits accumulate during the case; or (3) whether the award is a "windfall" for counsel. *Gisbrecht*, 535 U.S. at 808; *Jeter*, 622 F.3d at 377. The Fifth Circuit has also interpreted *Gisbrecht* to hold that a district court may consider "lodestar" factors in its "windfall" determination, though the court may not rely on them alone. *Jeter*, 622 F.3d at 380 ("we conclude that courts may consider the lodestar in their analyses so long as the court can articulate additional factors demonstrating that the excessively high fee would result in an unearned advantage").

Here, the Social Security Administration awarded past-due benefits to the Plaintiff. The Agency withheld a percentage of the past-due benefit in the amount of $31, 111.23 for payment of attorney fees. Movant contends that the claimant's non-attorney representative has already received the full payment for the representative's administrative level work in this case, which leaves a remaining amount of $ 23,111.23 for attorney fees.[1] Movant argues that his work on the case weighs in favor of granting the $12, 937.50 fee requested. The Commissioner does not oppose a reasonable fee.

The Court agrees with Movant that the fee requested is reasonable. First, Plaintiff's payment of fees owed her attorney is a matter of the retainer agreement between them. Movant represents that Plaintiff intended to pay Movant the maximum allowed fee under § 406(b) if he obtained past-due

---

[1] The Plaintiff will receive a refund in excess of $10,000 for attorney fees since the total amount of fees withheld will not be requested.

benefits as a result of the representation. The fee that Movant seeks is actually lower than the 25% allowable by statute.

Further, there is no indication of any lack of quality in Movant's representation. In fact, the brief prepared and submitted to this Court was detailed and raised several substantive issues, resulting in the agreement by the Commissioner that the case should be reversed by this Court and remanded to the Agency for further proceedings. Although Movant did not represent Plaintiff in further administrative proceedings, ultimately, the Commissioner awarded benefits including a past-due amount. Since the Commissioner has not challenge Movant's Motion, there is no dispute that the remand resulted from Movant's efforts on behalf of Plaintiff.

It should be further noted that Movant took on the contingency-basis case at considerable risk. *See Mudd v. Barnhart*, 418 F.3d 424, 428 (4th Cir. 2005); *Wilson v. Astrue*, 622 F.Supp.2d 132 (D. Del. 2008). The Administration had denied benefits on initial and subsequent review. An administrative hearing was then conducted by an Administrative Law Judge, who denied benefits. Despite the risk involved, Movant accepted the representation before this Court and arrived at a favorable outcome for Plaintiff.

There is also no indication of any delay undertaken by Movant. In fact, Plaintiff received past-due benefits in an extremely expedient manner.

In addition, it does not appear that this award represents a "windfall" to Movant due to its size. The fee reflects the substantial risk involved, as discussed above. Counsel seeks 406(b) fees consistent with the fee agreement and the applicable statute. Counsel actually seeks less than the 25% of past due benefits provided for by the statute and the fee agreement. Instead, counsel seeks

only the $ $12, 937.50 and not the full amount of fees ( $23,111.23) that SSA properly withheld in order to pay the attorney fees in this case.

Considering other lodestar-type factors along with the issues discussed above, the Court finds that Movant's time represents considerable time and labor over the years representing Plaintiff. Movant's efforts were ultimately successful in obtaining all of the relief Plaintiff sought. Based on the favorable ruling, Plaintiff has been awarded a past-due benefit and continuing disability benefits, the accrued value of which may be considerably more as time goes by.[2] Movant's experience is not in doubt. *Pederson v. Astrue*, 2011 WL 1100215, at *2 -3 & n.2 (S.D. Tex. Feb. 25, 2011). Overall, the Court cannot find that the award Movant seeks constitutes a "windfall."

Next, Movant acknowledges that he has already been awarded the amount of $ 3,033.24 under the EAJA and that the lesser of the award under the EAJA or the award under § 406(b) must be refunded to the Plaintiff. *See* Motion at 3; *Astrue v. Ratliff*, 560 U.S. 586 (2010) (citing 1985 amendment note to 28 U.S.C. § 2412); *Jeter*, 622 F.3d at 375. The Court will so order.

After due consideration, in light of the foregoing, it is hereby

**ORDERED** that Movant's Amended Motion for Attorney Fees Pursuant to § 406(b) of the Social Security Act (docket entry #21) is hereby **GRANTED**.

Movant shall be awarded the sum of $12, 937.50 to be paid out of Plaintiff's past-due benefits for representation before this Court in this matter. It is further

**ORDERED** that, concomitant with the award of attorney fees under § 406(b) herein, Movant shall refund the amount of $ 3,033.24 to Plaintiff. It is further

---

[2] The Commissioner awarded Plaintiff $126,620.00 in past-due benefits.

**ORDERED** that Movant's Motion for Attorney Fees Pursuant to § 406(b) of the Social Security Act (docket entry #19) is hereby **DENIED AS MOOT**.

**SIGNED this 16th day of July, 2015.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE